# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00762-AWI-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos 4, 5. ) |

Refugio Carrillo ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 5, 2020, the magistrate judge filed a findings and recommendations recommending that Plaintiff's complaint be dismissed for failure to state a claim. On June 19, 2020, Plaintiff filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff argues that the United States waived immunity and he exhausted his administrative remedies so the question as to whether or not he has a claim under

1  the FCTA is not in question.  Plaintiff contends that being denied the right to amend his
2  complaint violates his right under the Sixth Amendment.  However, "the protections provided by
3  the Sixth Amendment are available only in 'criminal prosecutions.' "  United States v. Ward, 448
4  U.S. 242, 248 (1980).  "[T]he Sixth Amendment does not govern civil cases."  Turner v. Rogers,
5  564 U.S. 431, 441 (2011); see also Carty v. Nelson, 426 F.3d 1064, 1073 (9th Cir.), opinion
6  amended on denial of reh'g, 431 F.3d 1185 (9th Cir. 2005) ("Sixth Amendment right to
7  confrontation does not attach in civil commitment proceedings."); United States v. $292,888.04
8  in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995), as amended (May 24, 1995) (Sixth
9  Amendment right to counsel does not attach to civil forfeiture proceedings).

   In this instance, the issue is whether a remedy for a violation of Plaintiff's constitutional rights exists under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  The magistrate judge properly considered the two part test articulated in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017), and found that the special factors counsel against extending a Bivens remedy to the claims raised by Plaintiff in this action.  Since Bivens does not provide a remedy for the constitutional violations alleged in this action, as the magistrate judge found, providing Plaintiff with leave to amend would be futile.

   Accordingly, IT IS HEREBY ORDERED that:

   1.   The findings and recommendations, filed June 5, 2020, is ADOPTED IN FULL;

   2.   Plaintiff's complaint, filed June 2, 2020, is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim; and

   3.   The Clerk of the Court is DIRECTED to close this matter.

IT IS SO ORDERED.

Dated:  August 20, 2020                    _____
                                           SENIOR DISTRICT JUDGE